WILSON, Judge.
This is an appeal from the revocation of a gaming license. The Plaintiff had been employed as a heavy utility steward at the Mohegan Sun Casino, owned by the Mohegan Tribe of Indians, a federally recognized tribe of Indians, and operated by the Mohegan Tribal Gaming Authority, which regulates the casino pursuant to a Compact between the State of Connecticut and the Tribe, in accordance with, inter alia, the Federal Indian Gaming Regulatory Act (IGRA). Employment at the casino requires a license from the Defendant Office of the Director of Regulation (“ODR” or “Director”). (See MTO 2002-13).
As a result of a background investigation the ODR determined that the Plaintiff, a citizen of the Republic of Haiti, did not possess a valid alien resident number and that he had a “questionable alien status.” As a result, the Defendant suspended the Plaintiffs license. At the Plaintiffs request, the Defendant held a hearing to determine the Plaintiffs continued suitability to return his license. At the hearing, it was disclosed by certain exhibits in the record and by the Plaintiffs testimony that the Plaintiff had applied to the U.S. Immigration and Naturalization Service (INS) for employment authorization and for political asylum. The outcome of his application(s) was, and remains, unclear. The most recent document provided by the Plaintiff was a letter, or letters, from the INS, which regarded “Removal Proceedings” “in re: Merent, Isnold.” In a decision of the U.S. Board of Immigration Appeals, “the Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination.” There was no “decision below” included. The Defendant was therefore unable to determine the Plaintiffs final alien status. The Defendant therefore directed the Plaintiff to return by December 31, 2003 with the documents referred to (i.e., the “decision below”) so that a valid status determination could be made. On December 18, the Plaintiff provided five pages of documents: two were copies of previous incomplete exhibits (i.e., lacking the “decision below”); two concerned “Notice of Action: Withdrawal as Attorney or Representative Allowed,” in re: • “Removal” proceedings; and one was a note requesting that someone tell the Plaintiff to bring in additional information. No further exhibits appear of record. The Defendant concluded that “since no additional substantial proof has been provided proving Mr. Merent’s alien status, his non-gaming license will be revoked.” This appeal followed.
At a scheduling Conference held at this court on March 22, 2004, the Plaintiff was informed that he may file his written brief and any additional evidence that he wished to submit on or before April 19, 2004 and that a hearing will be held May 24, 2004 at which time he was required to attend. The Plaintiff did not submit any additional evidence, or a brief) and did not appear at the hearing. Defendant’s counsel filed a brief and appeared at the hearing.
Upon review of the entire record, it appears that there is substantial evidence to support the Defendant’s decision in this case. If there is substantial evidence upon which the hearing officer could have based his decision the decision must be upheld. MTO 2002-13 Sec 3(j). See Bialowas v. *300 Commissioner of Motor Vehicles, 44 Conn. App. 702, 708-709, 692 A.2d 834 (1997).
The appeal is dismissed and the Defendant’s decision is affirmed.